UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALICIA CHAVEZ,** | ) NO. CV 05-8074-MAN |
|         **Plaintiff,** | ) |
| | ) MEMORANDUM OPINION |
|         v. | ) AND ORDER |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of the** | ) |
| **Social Security Administration,** | ) |
|         **Defendant.** | ) |

Plaintiff filed a Complaint on November 16, 2005, seeking review of the denial by the Social Security Commissioner ("Commissioner")[1] of Plaintiff's claim for supplemental security income ("SSI"). On December 20, 2005, the parties consented to proceed before the undersigned, pursuant to 28 U.S.C. § 636(c). The parties filed a Joint Stipulation on March 16, 2007, in which: Plaintiff seeks an order reversing the Commissioner's decision and remanding the case for a new hearing and

---

[1] Michael J. Astrue became the Commissioner of the Social Security Administration on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted in place of Commissioner Joanne B. Barnhart as the Defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

further evaluation; and Defendant requests that the Commissioner's decision be affirmed. The Court has taken the parties' briefing under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

Plaintiff filed her application for SSI on December 2, 2002. (Administrative Record ("A.R.") 257-59.) Plaintiff claims to have been disabled since October 4, 2002, due to the residual effects of a back injury. (A.R. 16, 257.) Plaintiff has past relevant work experience as a waitress, bus person, snack bar attendant, and restaurant manager. (A.R. 18, 21.)

The Commissioner denied Plaintiff's SSI claim initially and upon reconsideration. (A.R. 29-32, 34-37.) On April 28, 2004, Plaintiff, who was represented by counsel, appeared at a hearing before Administrative Law Judge Philip J. Simon ("ALJ"). (A.R. 270-317.) On December 20, 2004, the ALJ denied Plaintiff's request for benefits, and the Appeals Council subsequently affirmed the ALJ's decision. (A.R. 16-22, 6-8.)

**SUMMARY OF ADMINISTRATIVE DECISION**

In his December 20, 2004 written decision, the ALJ found that Plaintiff has not engaged in any substantial gainful activity during the period at issue, and she met the disability insured status requirements and was insured for benefits through March 31, 2003. (A.R. 21.) The ALJ found that Plaintiff has "severe" impairments, consisting of

degenerative disc disease of the lumbar and cervical spine, but she does not have an impairment or combination of impairments listed in, or medically equivalent to an impairment listed in, Appendix 1, Subpart P, Regulation No. 4. (A.R. 19, 21.) The ALJ found that Plaintiff's alleged symptoms and limitations were not fully credible. (A.R. 21.)

The ALJ further found that Plaintiff had the residual functional capacity for "lifting 50 pounds, occasionally, and 25 pounds, frequently, with 'occasional' postural restrictions."[2] (A.R. 19, 21.) Relying on the testimony of a vocational expert, the ALJ found that Plaintiff was able to perform her past relevant work as a waitress, snack bar attendant, and restaurant manager. (A.R. 21.) Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.*)

**STANDARD OF REVIEW**

This Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). The Commissioner's decision must stand if it is supported by substantial evidence and applies the appropriate legal standards. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). Substantial evidence is "more than a mere scintilla but less than a preponderance -- it is such relevant

---

[2] This residual functional capacity finding is consistent with work at the "medium" exertional level, which is defined as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 416.967(c); 404.1567(c).

evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995).

Although this Court cannot substitute its discretion for that of the Commissioner, this Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y. of Health and Human Serv., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and free from legal error, even when the record reasonably supports more than one rational interpretation of the evidence. *Id*. at 1041; *see also* Morgan v. Comm'r. of the Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Flaten v. Secretary, 44 F.3d 1453, 1457 (9th Cir. 1995).

**DISCUSSION**

Plaintiff raises one disputed issue: she contends that the ALJ improperly assessed the credibility of her claimed limitations and symptoms. (Joint Stip. at 3.)

///
///
///
///

**A.  The ALJ's Finding Regarding The Credibility Of Plaintiff's Claimed Symptoms And Limitations Constitutes Error**.

The law is well-settled that, once a disability claimant produces objective medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to her subjective symptoms merely because they are not corroborated by objective evidence. <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1147-48 (9th Cir. 2001); <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 345 (9th Cir. 1991); <u>Fair v. Bowen</u>, 885 F.2d 597, 601 (9th Cir. 1989). As the Ninth Circuit has explained:

> [A]n ALJ's finding that a claimant generally lacked credibility is a permissible basis to reject excess pain testimony. But, because a claimant need not present clinical or diagnostic evidence to support the severity of his pain, *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990) (stating that "it is the very nature of excess pain to be out of proportion to the medical evidence"), a finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain.

<u>Light v. Social Security Admin.</u>, 119 F.3d 789, 792 (9th Cir. 1997). This rule is based on the recognition that pain is an inherently subjective phenomenon, which cannot be objectively verified or measured and varies significantly among individuals. <u>Bunnell</u>, 947 F.2d at 347.

Unless the evidence suggests affirmatively that a claimant is malingering, the ALJ must provide clear and convincing reasons for

rejecting the claimant's excess pain or symptom testimony, such as conflicts between the claimant's testimony and conduct, or internal contradictions in the claimant's testimony. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Light, 119 F.3d at 792. In determining whether a claimant's testimony regarding the severity of his symptoms is credible, the ALJ may consider: "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." Smolen, 80 F.3d at 1284.

The Court will give great weight to the ALJ's credibility assessment. Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Brawner v. Secretary, 839 F.2d 432, 433 (9th Cir. 1988)(recognizing that the ALJ's credibility determination is to be given great weight when supported specifically). However, when an ALJ's decision rests on a negative credibility evaluation, "the ALJ must make findings on the record and must support those findings by pointing to substantial evidence on the record." Cequerra v. Secretary, 933 F.2d 735, 738 (9th Cir. 1991); Oreteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995)(the ALJ's findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony."). When discrediting a claimant's testimony, it is not enough for the ALJ to make only general findings; he must state what testimony is not credible and what evidence supports that conclusion. *See* Swenson v. Sullivan, 876 F.2d 683, 688 (9th Cir. 1979);

*see also* Lester, 81 F.3d at 834 (an ALJ may reject a plaintiff's testimony based on lack of credibility only if the ALJ states specific and cogent reasons for doing so).

In rejecting Plaintiff's claimed limitations and symptoms, the ALJ reasoned as follows:

> [Plaintiff] is not fully credible in her complaints of disabling pain and other symptoms. While she has at times alleged a disabling shoulder impairment, at other times, she has failed even to mention the alleged shoulder pain, such as in Dr. Bilezikjian's examination, when he found both shoulders to be completely normal (Exhibit 5F/3). It appears that if [Plaintiff] truly had a disabling shoulder condition, then she would have mentioned it consistently and she would have consistently pursued treatment for it which she did not.
>
> In addition, [Plaintiff's] complaints of disabling back and neck pain cannot be accepted as consistent with the minimal objective findings as pointed out by Dr. Gurvey, and which is apparent through a detailed examination of the record. While [Plaintiff] stated that she did not become disabled until October 2002, she has an inconsistent work record, which could show a lack of motivation to work on a regular basis. This lack of motivation is further demonstrated by the lack of significant objective medical signs and findings of a disabling impairment in the record as a whole.

(A.R. 20.)

Plaintiff contends that the ALJ failed to provide "clear and convincing reasons" for rejecting her claimed limitations and symptoms. (Joint Stip. at 4-8, 13.) Plaintiff specifically contends that the ALJ erred by rejecting the credibility of her claimed symptoms and limitations on the grounds that they are not supported by objective evidence. (Joint Stip. at 6-7, 13.) In addition, Plaintiff contends that the ALJ's explanation that her inconsistent work record indicated a lack of motivation to work was an improper basis for his credibility rejection. (Joint Stip. at 7, 13.)

There is no dispute that the medical record contains objective evidence demonstrating that there was a basis for Plaintiff's claimed lumbar, shoulder, and cervical pain.[3] While a paucity of objective evidence may be one among a variety of factors to consider in assessing the credibility of a claimant's alleged symptoms and limitations, it cannot constitute a stand-alone basis for a credibility rejection. This

---

[3] (*See, e.g.*, 198 -- January 21, 2003 MRI of lumbar spine, indicating "loss of nucleus pulposus" or central canal narrowing at the L3-4 level; a three-millimeter disc bulge, disc space narrowing, moderate bilateral facet hypertrophy, and mild central canal narrowing at the L4-5 level; and disc space narrowing, a three-millimeter disc bulge, a loss of nucleus pulposus signal intensity, mild to moderate bilateral facet hypertrophy, mild right-sided central canal narrowing, and mild right neural foraminal narrowing at the L5-S1 level; 200 -- January 21, 2003 MRI of the cervical spine, indicating a two-millimeter disc bulge at the C6-7 level and a two-millimeter disc bulge causing a focal left-sided mild indentation of the anterior aspect of the dura just to the left of the midline at the C7-T1 level; 239 -- February 27, 2004 MRI of the lumbar spine, showing misalignment at the L2 level, a 1.0-1.5-millimeter concentric disc bulge at the L4-5 level, and moderate to severe degenerative disc disease at the L5-S1 level; 240 -- February 27, 2004 MRI of the cervical spine, showing cervical spasm and mild disc degeneration at the C5-6 level.)

is because it is well-established that it is error to require a claimant to adduce objective medical evidence to support the severity of her asserted pain or symptoms due to the subjective nature of pain. *See* Tonapetyan, 242 F.3d at 1147-48; Bunnell, 947 F.2d at 345; Fair, 885 F.2d at 601.

In rendering a credibility determination, the ALJ may cite significant inconsistencies in a claimant's allegations, statements, and testimony which undermine her allegations regarding her physical and mental limitations. Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003)(ALJ may reject a claimant's testimony upon: "(1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so"); *see also* Light, 119 F.3d at 792 (internal conflicts in claimant's statements are a proper basis for discrediting allegations regarding limitations). Here, the record shows that Plaintiff has consistently sought relief for her lumbar and cervical pain, and has consistently reported such pain to her physicians.[4] Thus, Plaintiff's allegations

---

[4] (A.R. 125 -- December 2, 2001 progress record, indicating lower back pain and limitations in Plaintiff's ability to lift and carry; 158 -- October 5, 2002 progress record, indicating shoulder and knee pain; 152 -- October 7, 2002 emergency department record, indicating "mild" to "moderate" lumbar and paraspinous pain; 130 -- October 9, 2002 progress record, indicating low back and cervical pain; 148 -- October 14, 2002 emergency department record, indicating "mild" to "moderate" lumbar pain worsened by twisting and walking; 143 -- October 21, 2002 emergency department record, indicating lumbar and paraspinous pain worsened by movement, twisting, and walking; 187-88 -- Dr. Ralph Steiger's February 13, 2003 Disability Status report, diagnosing lumbar, cervical, and shoulder impairments; prescribing exertional and postural limitations; and noting complaints regarding neck, right shoulder, and low back pain; 189-95 -- Dr. Steiger's January 13, 2003 report, noting low back, shoulder, and neck pain, and recommending "additional conservative treatment including anti-inflammatory medications and therapy"; 224-25 -- December 7, 2003 report, indicating that Plaintiff was receiving a third set of epidural injections for her low back pain syndrome; 226-27 -- November 14, 2003

of neck and back pain are consistent with the record.

However, the fact that the record does not indicate that Plaintiff consistently reported or sought treatment for her claimed shoulder pain constitutes a valid basis for rejecting her claimed shoulder symptoms and limitations. The ALJ correctly noted that Plaintiff failed to mention her shoulder pain to Dr. Zaven Bilezikjian, the examining orthopaedic surgeon, despite reporting to Dr. Steiger that such pain was constant and unremitting. (A.R. 172-76 -- Dr. Bilezikjian's January 7, 2003 orthopaedic consultative report, noting that Plaintiff claimed to experience back pain located in the lumbar spine which radiated laterally, but not mentioning shoulder pain; 190 -- Dr. Steiger's January 13, 2000 report, indicating that Plaintiff reported "burning and stabbing pain in the right shoulder all day, every day" that "increases with lifting, pulling, standing, bending and climbing.") And, despite Dr. Steiger's diagnosis of shoulder tendinitis, the record contains only isolated instances of Plaintiff's complaints of shoulder pain.[5]

---

report, indicating that Plaintiff was receiving her second set of epidural injections for her lumbar radiculopathy and myofascial pain syndrome; 228 -- February 24, 2004 progress record, indicating that Plaintiff was suffering from low back pain, bilateral buttocks pain, and increased neck pain; 229 -- January 9, 2004 progress note, indicating that Plaintiff was suffering from low back pain; 230-31 -- January 9, 2004 progress report indicating that a bilateral SI joint block under fluoroscopy and IV sedation was performed; 233-35 -- December 19, 2003 report by Dr. Phong Tran, diagnosing lumbar pain, radiculopathy, disc bulge, and bilateral SI joint pain; 236 -- March 23, 2004 progress note, indicating low back pain made worse by prolonged sitting and standing; 237-38 -- Dr. Tran's February 24, 2004 report, indicating complaints of low back and neck pain and recommending a continuation of physical therapy and a second bilateral SI joint block under fluoroscopy and IV sedation.)

[5] (*See, e.g.*, A.R. 158 -- October 5, 2002 progress record, noting shoulder and knee pain; 160-61 -- October 5, 2002 Nerve Conduction Study, indicating "very severe" findings of the left supra

Nevertheless, the Court cannot say that Plaintiff's work history, since 1986, was a proper basis upon which to discredit her credibility. Instead, Plaintiff's work history indicates that she attempted to work, albeit somewhat sporadically, until her claimed onset date of disability.[6] In addition, Plaintiff contends that she was married with several children prior to her alleged onset. (Joint Stip. at 7.) These facts distinguish her case from one in which a person has never had any significant work history. *Cf.,* Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002)(affirming the ALJ's credibility rejection based on the claimant's "extremely poor work history" and lack of "propensity to work in her lifetime").

Thus, because the ALJ's only reasons for rejecting Plaintiff's allegations of neck and back pain -- *i.e.*, they are not supported by sufficient objective evidence and Plaintiff's inconsistent work history -- are not clear and convincing, his rejection of these claimed symptoms and limitations constitutes error.

---

scapular nerve; 187 -- Dr. Steiger's February 13, 2003 report, diagnosing bicipital tendinitis of the shoulder.)

[6] (*See, e.g.,* A.R. 76 -- Plaintiff's December 2, 2002 Disability Report, noting that she was an owner of "Alicia Nutrition" from 1989-1997; an assistant manager of "La Poblana" from April 1999, to September 2000; a server at "Ana's Pizza" from January 2001, to May 2001; and a bus person at "The Old Spaghetti Factory" from May 2001, to October 2002; 88 -- Plaintiff's December 18, 2002 Work History Report, indicating she worked: from January 1986, to March 1994, in various jobs as a nutritionist and cook; from May 1997, to January 1998, as an assistant manager; from May 1999, to 2000, as a nutritionist at a gym; from January 2, 2001, to May 2001, as a cook at "Anna's Pizza Restaurant"; and from June 2001, to October 4, 2002, as a bus person at "The Old Spaghetti Factory.")

Although there are some inconsistencies between these two reports as to the precise dates she worked at these various places, they both indicate significant work history since 1986.

Accordingly, the ALJ's rejection of Plaintiff's claimed shoulder symptoms and limitations is affirmed, but his rejection of her claimed lumbar and cervical symptoms and limitations is reversed.

**B.    Remand Is Necessary.**

Although his credibility rejection constitutes error, it is not clear to what extent Plaintiff would be limited if her claimed lumbar and cervical symptoms and limitations were credited.[7]  Indeed, Dr. Steiger, who considered Plaintiff's subjective complaints in rendering his opinions, found that Plaintiff would be limited from "heavy lifting" and would have postural limitations.  Although these limitations would dictate a narrower residual functional capacity than the ALJ found here, it is not clear that they would preclude Plaintiff from working.[8]  Thus,

---

[7]    As noted above, the record shows that Plaintiff sometimes only reported "mild" to "moderate" low back pain.  (A.R. 148 -- October 14, 2002 emergency department record, indicating "mild" to "moderate" lumbar pain worsened by twisting and walking; 152 -- October 7, 2002 emergency department record, indicating "mild" to "moderate" lumbar and paraspinous pain.)  However, at another time, she reported lower back pain, which was "sharp to burning and stabbing, occurring all day, every day" and increased with "lifting, standing, bending and sitting," and neck pain, which was "sharp and burning" and increased with "lifting, standing, bending, sitting and climbing."  (A.R. 190.)  Thus, although Plaintiff consistently reported and sought treatment for her claimed lumbar and cervical pain, the intensity of this pain, as she described it, varied widely.

[8]    In Dr. Steiger's February 13, 2003 report, he stated that "[Plaintiff] is permanently disabled, but not 100% disabled and has the following permanent work restrictions:  [n]o heavy lifting and repeated bending and stooping[;] [n]o prolonged sitting, standing or walking[;] [n]o prolonged neck movement[;] [and] [n]o heavy pushing or pulling with the right upper extremity."  (A.R. 187.)  He further indicated that:  "[i]f work is available with the above restrictions, [Plaintiff] may return to work," and "[i]f no such work is available, [Plaintiff] will require vocational rehabilitation to a new occupation."  (*Id.*)

In contrast, in setting forth Plaintiff's residual functional

12

because it is unclear what work Plaintiff could perform, if any, if her subjective complaints were credited properly, remand is necessary to make a new disability determination. *See, e.g.,* Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)(when ALJ erred by discounting treating physicians' opinions, remand for further proceedings is appropriate if enhancement of the record would be useful); Tackett v. Apfel, 180 F.3d 1094, 1104 (9th Cir. 1999)(remanding case to the Commissioner in order to obtain testimony from a vocational expert based upon the claimant's non-exertional limitations); Higbee v. Sullivan, 975 F.2d 558, 561-62 (9th Cir. 1991)(remanding case in order to develop the record).

**CONCLUSION**

Accordingly, for the reasons stated above, the denial of benefits is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order. Judgment shall be entered reversing the decision of the Commissioner, and remanding the matter for further administrative action consistent with this Memorandum Opinion and Order.

///
///
///
///
///
///
///

---

capacity, the ALJ found that Plaintiff could perform work at the "medium" level and had "occasional" postural limitations. (A.R. 19, 21.)

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for Plaintiff and for Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 26, 2007

                                         /S/
                                  MARGARET A. NAGLE
                              UNITED STATES MAGISTRATE JUDGE